IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

TRACEY WOODS on behalf of
JAMERIA C. WALLACE,            :

    Plaintiff,              :

vs.                            :
                                               CIVIL ACTION 04-0407-M

JO ANNE B. BARNHART,           :
Commissioner of
Social Security,               :

    Defendant.              :


MEMORANDUM OPINION AND ORDER


In this action under 42 U.S.C. § 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income for children (*SSI*). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 15). Oral argument was waived in this action (Doc. 17). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or

substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

    Plaintiff was born March 12, 1995.[1] At the time of the administrative hearing, Wallace was eight years old and was in the first grade (Tr. 171). In claiming benefits, Plaintiff alleges disability due to borderline intellectual functioning, attention deficit hyperactivity disorder (ADHD), and receptive and expressive delay with articulation deficit (Doc. 10 Fact Sheet).

    Wallace filed a protective application for SSI on June 26, 2001 (Tr. 15, 40-42). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Plaintiff suffered from speech problems and

---

[1] Though this action was brought by Tracey Woods, the Court will refer to Jameria C. Wallace as the Plaintiff.

2

ADHD, she had no marked and severe limitations (Tr. 12-20). Plaintiff requested review of the hearing decision by the Appeals Council (Tr. 10-11), but it was denied (Tr. 3-5).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Wallace alleges that she meets the requirements of Listing 112.05D[2] (Doc. 10). Defendant has responded to—and denies—these claims (Doc. 11).

Plaintiff claims that she meets the requirements of Listing 112.05D. That listing requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant limitation of function." 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 112.05D (2004). The evidence of record follows.

On November 27, 2001, a Speech-Language Pathologist, Grayson B. Hill, evaluated Plaintiff and determined that she had "a mild receptive and expressive language delay, with a mild articulation deficit" (Tr. 113). Though her auditory comprehension was delayed approximately a year, her expressive

---

[2]The Court notes that Plaintiff actually claims that she meets the requirements of Listing 12.05C (Doc. 10, p. 2). The Court notes, however, that Listing 112.05D is the appropriate Listing for a child seeking disability on the basis of mental retardation (*see also* Doc. 11, p. 2).

3

communication was age-appropriate (*id.*).

On November 30, 2001, Psychologist Donald W. Blanton, Ph.D., consultatively examined Wallace and administered the WISC-III (Tr. 119-21). The Psychologist noted that Plaintiff's thoughts were normal and her associations intact; no confusion, psychomotor retardation, or agitation were noted. Insight was limited, but Wallace's judgment was considered fair; though she had a mild speech impediment, she was easily understood. Plaintiff exhibited poor concentration during testing which resulted in a verbal IQ of 80, a performance IQ of 68, and a full scale IQ of 71, placing Wallace in the borderline range of intelligence. The Psychologist noted that Plaintiff had a high subscore on the vocabulary test, "the best overall measure of verbal intelligence" (Tr. 120). Blanton stated that the scores "should be considered only a minimum for Jameria as she was obviously distracted and had a hard time with concentration;" the Psychologist expressed the opinion that Wallace would score higher after being treated for her attention deficit disorder (Tr. 120-21).

Records from the Cahaba Center for Mental Health show that Plaintiff received individual and family therapy for more than a year for Disruptive Behavior Disorder and Expressive

4

Language Disorder (Tr. 130-163A).  The most recent medical notes demonstrate that treatment with Adderall XR[3] and Paxil[4] resulted in satisfactory academic performance and no significant behavior problems (Tr. 144-45).

Plaintiff's mother testified at the administrative hearing that medication improved Wallace's behavior and that her grades had improved (Tr. 176-79).  The mother stated that Plaintiff's teacher had seen lots of improvement with medication (Tr. 176).

The ALJ found severe impairments, but none "singly or in combination, that results in marked and severe limitations which can be expected to last for a continuous period of not less than twelve months" (Tr. 19).  The Court finds substantial support for this conclusion.  Though Plaintiff had a one-time performance IQ score of 68 on the WISC-III, the administering Psychologist stated that he thought Wallace was capable of performing better with treatment.  Medical records indicate that Plaintiff has received medications which have improved both her grades and behavior.  Wallace has not demonstrated mental retardation under Listing 112.05D for a

---

[3]*Adderall* is an amphetamine used for the treatment of Attention Deficit Disorder with Hyperactivity.  *Physician's Desk Reference* 2395-96 (52nd ed. 1998).

[4]*Paxil* is used to treat depression.  *Physician's Desk Reference* 2851-56 (52nd ed. 1998).

period of a continuous year.  Her claim otherwise is without merit.

Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate order.

DONE this 1st day of June, 2005.

<pre>
                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE
</pre>